

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. AP-76,785

### EX PARTE JESUS JAIME JIMENEZ, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. B91-53 IN THE 198TH DISTRICT COURT
### FROM KERR COUNTY

*Per curiam.*

## O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of burglary of a habitation and sentenced to ten years' imprisonment. The Fourth Court of Appeals dismissed his appeal. *Jimenez v. State*, No. 04-06-00399-CR (Tex. App.–San Antonio June 20, 2007, no pet.).

Applicant contends that he was denied his right to appeal. The trial court found that appellate counsel did not review the trial court's file and "incorrectly 'assumed' a tardy filing deadline for the Motion for New Trial." We find that Applicant is entitled to the opportunity to file an out-of-time

appeal of the judgment of conviction in cause number B91-53 from the 198th District Court of Kerr County. Applicant is ordered returned to that time at which he may give a written notice of appeal so that he may then, with the aid of counsel, obtain a meaningful appeal. Within ten days of the issuance of this opinion, the trial court shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall immediately appoint an attorney to represent him on direct appeal. All time limits shall be calculated as if the sentence had been imposed on the date on which the mandate of this Court issues. We hold that, should Applicant desire to prosecute an appeal, he must take affirmative steps to file a written notice of appeal in the trial court within 30 days after the mandate of this Court issues.


Delivered: May 2, 2012
Do Not Publish